UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re
MAYRA DIAZ KALISCH,
        Debtor.
-------------------------------------------------
MAYRA DIAZ KALISCH,

                Appellant,          09 Civ. 1636 (PKC)

      -against-

MAPLE TRADE CORPORATION,          ORDER

                Appellee.
-----------------------------------------------------------x
In re
MARK ALLEN KALISCH,
        Debtor.
-------------------------------------------------
MARK ALLEN KALISCH,

                Appellant,          09 Civ. 1637 (PKC)

      -against-

MAPLE TRADE CORPORATION,          ORDER

                Appellee.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-28-09

P. KEVIN CASTEL, District Judge:

        The above two appeals have been consolidated. The case filed under 09 Civ. 1637 should be closed administratively. See Order of March 9, 2009.

        Appellant Mark Allen Kalisch shall show cause in writing by August 10 why his appeal should not be dismissed for failure to prosecute the appeal or file an appellant's brief. See Order of March 9, 2009 in 09 Civ. 1637. See In re Christine Charter Lynch, 430 F.3d 600 (2d Cir. 2005) (per curiam). Appellee may respond by August 13.

        With respect to both Mark Allen Kalisch and Mayra Diaz Kalisch, there are refer-

ences in the briefing before this Court on Ms. Kalisch appeal and in the Bankruptcy Court's opinion to certain parts of the record having been sealed. The parties are to advise the Court by letter to be received no later than August 10, 2009 whether any materials remain under seal and, if so, precisely what they are. Also by August 10, any party wishing to maintain any materials under seal shall show cause in writing why the materials ought not be considered judicial documents to which a presumption of public access attaches. United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)( "Amodeo I ") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). The parties shall also address why any counterbalancing considerations outweigh the presumption. Lugosch, 435 F.3d at 119.

I also order that by August 10 any party seeking to maintain a document under seal submit an affidavit (or affidavits) by a person (or persons) with knowledge of the facts, i.e. not merely counsel of record, containing the following: (a) identification with particularity (i.e. page and line) the precise information (whether in the party's own submission or that of an adversary) which the party maintains should be kept under seal; (b) demonstrating the particular need for sealing the information; and (c) annexing a proposed redacted page together with the unredacted version for the Court's in camera review. Failure to comply will result in unsealing of any and all materials.

Also by August 10, appellants should address whether subsequent developments (e.g. sale of property) have resulted in any issues in the appeals having become moot. Failure to respond will result in dismissal of the appeals. Appellee may reply by August 13.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
July 28, 2009